1  RAYMOND H. AVER - State Bar No. 109577
   LAW OFFICES OF RAYMOND H. AVER
2  A Professional Corporation
   1950 Sawtelle Boulevard, Suite 120
3  Los Angeles, California 90025
   Telephone: (310) 571-3511
4  e-mail:  ray@averlaw.com

5  [Proposed] General Insolvency Counsel for
   Q RANCH PROVISIONS, L.A., INC.
6  Debtor and Debtor In Possession

7

8                  UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA [LOS ANGELES DIVISION]

10

11  In re:                          Case No. 2:14-bk-19271-BR

12  Q RANCH PROVISIONS L.A.,         Chapter 11
    INC.,
13                                   DEBTOR'S CHAPTER 11 PLAN

14            Debtor.

15

16

17

18

19                                   Disclosure Statement Hearing

20                                   Date:  August 5, 2014
                                     Time:  10:00 a.m.
21                                   Place: Courtroom 1668
                                        United States Bankruptcy Court
22                                       255 East Temple Street
                                         Los Angeles, California  90012
23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

3  I.    INTRODUCTION . . . . . . . . . . . . . . . . . . .    1

4  II.   CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS . .    1

5        A.    General Overview . . . . . . . . . . . . . .    1
         B.    Unclassified Claims . . . . . . . . . . . .    2
6              1.    Administrative Expenses . . . . . . . . . .    2
               2.    Priority Tax Claims . . . . . . . . . . .    3
7        C.    Classified Claims and Interests . . . . . . . .    4
               1.    Classes of Secured Claims . . . . . . . . .    4
8              2.    Classes of Priority Unsecured Claims . . . .    4
               3.    Classes of General Unsecured Claims . . . . .    5
9              4.    Class(es) of Interest Holders . . . . . . .    5
         D.    Means of Effectuating the Plan . . . . . . . .    6
10             1.    Funding for the Plan . . . . . . . . . .    6
               2.    Post-Confirmation Management . . . . . . .    6
11             3.    Disbursing Agent . . . . . . . . . . . .    6

12 III.  TREATMENT OF MISCELLANEOUS ITEMS . . . . . . . . . .    7

13       A.    Executory Contracts and Unexpired Leases . . . . .    7
               1.    Assumptions . . . . . . . . . . . . . .    7
14             2.    Rejections . . . . . . . . . . . . . .    7
         B.    Changes in Rates Subject to Regulatory Commission
15             Approval . . . . . . . . . . . . . . . . .    8
         C.    Retention of Jurisdiction . . . . . . . . . .    8
16

17 IV.   EFFECT OF CONFIRMATION OF PLAN . . . . . . . . . . .    8

18       A.    Discharge . . . . . . . . . . . . . . . . .    8
         B.    Revesting of Property in the Debtor . . . . . . .    8
19       C.    Modification of Plan . . . . . . . . . . . .    8
         D.    Post-Confirmation Status Report . . . . . . . .    9
20       E.    Quarterly Fees . . . . . . . . . . . . . .    9
         F.    Post-Confirmation Conversion/Dismissal . . . . . .    9
21       G.    Final Decree . . . . . . . . . . . . . . . .    10

22       EXHIBIT A - UNEXPIRED LEASES AND EXECUTORY CONTRACTS TO
                      BE ASSUMED

23

24

25

26

27

28

# I.

## INTRODUCTION

Q Ranch Provisions L.A., Inc. ("Q Ranch," "Debtor" or "Proponent") is the debtor in a chapter 11 bankruptcy case.  On May 12, 2014 ("Petition Date"), Q Ranch caused to be filed a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Central District of California [Los Angeles Division] ("Court").  This document is "Debtor's Chapter 11 Plan" ("Plan") proposed by Q Ranch.  Sent to you in the same envelope as this document is the "Original Disclosure Statement Describing Debtor's Chapter 11 Plan" ("Disclosure Statement") which has been approved by the Court, and which is provided to help you understand the Plan.

This is a reorganization plan.  In other words, Q Ranch seeks to accomplish payments under the Plan by restructuring its debts and business operations.  The effective date of the proposed Plan is 45 days after entry of a final order confirming the Plan ("Effective Date").

# II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.   General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code.  The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified.  They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Proponent has <u>not</u> placed the following claims in a class.  The treatment of these claims is provided below.

**1.    Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering Debtor's Chapter 11 case which are allowed under Code section 507(a)(1).  The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists <u>all</u> of Q Ranch's §507(a)(1) administrative claims and their treatment under the Plan.

| <u>Name</u> | <u>Amount Owed</u> | <u>Treatment</u> |
|---|---|---|
| Law Offices of Raymond H. Aver, A Professional Corporation ("Aver Firm")<br><br>(Q Ranch's [proposed] general insolvency counsel) | $ 30,000.00 (est). This balance is net of the retainer and post petition payments, and is subject to Court approval | Paid in full on the Effective Date unless the Aver Firm agrees to accept periodic post confirmation payments from Q Ranch, its principal or any other 3rd party in satisfaction of any Court approved legal fees and reimbursement of costs |
| Office of the United States Trustee ("OUST") | $ 10,400.00 | Paid in full on Effective Date |
| Court Clerk | -0- | Paid in full on Effective Date |
|  | TOTAL $40,400 (est.) |  |

<u>Court Approval of Fees Required</u>:

The Court must rule on all fees listed in this chart.  For all fees except Clerk's Office fees and the OUST's fees, the professional in question must file and serve a properly noticed fee application

Law Offices
Of Raymond
H. Aver,APC

1  and the Court must rule on the application. Only the amount of fees

2  allowed by the Court will be owed and required to be paid under this

3  Plan.

4      **2.  Priority Tax Claims**

5      Priority tax claims are certain unsecured income, employment and

6  other taxes described by Code Section 507(a)(8). The Code requires

7  that each holder of such a 507(a)(8) priority tax claim receive the

8  present value of such claim in deferred cash payments, over a period

9  not exceeding six years from the date of the assessment of such tax.

10     The following chart lists _all_ of Q Ranch's Section 507(a)(8)

11  priority tax claims and their treatment under the Plan:

| Description | Amount Owed | Treatment |
|---|---|---|
| Name = Internal Revenue Service ("IRS")<br><br>Type of tax = Corporate Income Tax<br><br>Taxable period = 2012, 2013, 2014 | $1,320.71 | Date of order for relief = 5/12/2014<br><br>Total amount of allowed claim as of 5/12/2014 = $1,320.71<br><br>Begin date = Effective Date<br><br>Treatment = this claim, and any amended claim, will be paid in full on the Effective Date |

| Description | Amount Owed | Treatment |
|---|---|---|
| Name = Franchise Tax Board ("FTB")<br><br>Type of tax = Corporate Income Tax<br><br>Taxable period = 2012, 2013, 2014 | $2,499.64 | Date of order for relief = 5/12/2014<br><br>Total amount of allowed claim as of 5/12/2014 = $2,499.64<br><br>Begin date = Effective Date<br><br>Treatment = this claim, and any amended claim, will be paid in full on the Effective Date |

26  ///

27  ///

28  ///

**C.    Classified Claims and Interests**

    **1.    Classes of Secured Claims**

    Secured claims are claims secured by liens on property of the estate.  The following chart lists all classes containing Q Ranch's secured pre petition claims and their treatment under this Plan:

**None.**

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|----------------|-----------|
| 1 | Secured claim of:<br><br>•  Name =<br><br>•  Collateral description =<br><br>•  Collateral value =<br><br>•  Priority of security int. =<br><br>•  Total claim amount = | | | |

**2.    Classes of Priority Unsecured Claims**

    Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes.  These types of claims are entitled to priority treatment as follows:  the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

    Q Ranch does not have any creditors whose claims are entitled to priority under Code Sections 507(a)(3), (a)(4), (a)(5), (a)(6), or (a)(7).

///

///

///

Law Offices
of Raymond
H. Aver,APC

### 3.    Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  The following charts identify this Plan's treatment of the class containing all of Q Ranch's general unsecured claims:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 1 | General unsecured claims<br><br>• Total amount of claims = $3,310,342.78 (est.)<br><br>This includes the disputed unsecured claims of New Meatco and NCR in the amounts of $1,395,647.07 and $862,009.83, respectively ("Disputed Unsecured Claimants"). Q Ranch reserves the right to object to the proofs of claim filed on behalf of Class 1 claimants.  In the event Q Ranch prevails on the claim objections against the disputed claimants, it may significantly increase the percentage recovery Q Ranch proposes to pay to its Class 1 claimants, other than the Disputed Unsecured Claimants. | Impaired<br><br>(Claims in this class are entitled to vote on the Plan) | General unsecured creditors will receive a dividend of 25% of their allowed claims, paid in 20 equal quarterly installments of $41,379.30 each quarter after the Effective Date, with the first payment date to be on the first day of the month that begins the calendar quarter (i.e., January, April, June, October).  The final payment date will be on the first day of the month of the 20th calendar quarter after the payments have commenced.  The total amount paid to general unsecured creditors will be approximately $827,586.00. |

### 4.    Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the debtor.  If the debtor is a corporation, entities holding preferred or common stock in the debtor are interest holders.  If the debtor is a partnership, the

Law Offices
Of Raymond
H. Aver,AFC

1  interest holders include both general and limited partners.  If the
2  debtor is an individual, the debtor is the interest holder.
3  The following chart identifies the Plan's treatment of the class of
4  in interest holders:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|--------|-------------|----------------|-----------|
| 2 | Nereo Perez ("Perez") owns, controls or hold a 100% ownership interest in Q Ranch | Unimpaired (Claims in this class are not entitled to vote on the Plan) | Perez will retain his interest in Q Ranch |

**D.    Means of Effectuating the Plan**

   **1.    Funding for the Plan**

The Plan will be funded by the following:

- Cash on hand;
- Net profits generated by Q Ranch during the term of the Plan, which is projected to average approximately $254,000.00 per year; and
- "New value" contributions of $50,000.00 from Perez.

   **2.    Post-Confirmation Management**

There will be no change in management.  Perez will continue to operate Q Ranch.

   **3.    Disbursing Agent**

Q Ranch shall act as the disbursing agent for the purpose of making all distributions under the Plan.  The Disbursing Agent shall serve without bond and shall not receive a fee for distribution services rendered and expenses incurred pursuant to the Plan.

Law Offices
Of Raymond
H. Aver,APC

III.

## TREATMENT OF MISCELLANEOUS ITEMS

A.    Executory Contracts and Unexpired Leases

    1.    Executory Contracts and Unexpired Leases

    a.    Assumptions/Rejections

Q Ranch intends to assume all unexpired leases and/or executory contracts listed in its bankruptcy Schedule G, a true and correct copy of which is attached as **Exhibit A** hereto.

On the Effective Date, each of the unexpired leases and executory contracts listed in bankruptcy Schedule G shall be assumed as obligation of the reorganized Debtor.  The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each unexpired lease/executory contract listed in bankruptcy Schedule G.  If you are a party to lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

    **b. Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected: **None**

The order confirming the Plan shall constitute an Order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT HAS YET TO BE SCHEDULED BY

1  THE COURT.  Any claim based on the rejection of a contract will be

2  barred if the proof of claim is not timely filed, unless the Court

3  later orders otherwise.

4      **2.    Changes in Rates Subject to Regulatory Commission Approval**

5      Q Ranch *is not* subject to governmental regulatory commission

6  approval of its rates.  Therefore, compliance with Bankruptcy Code

7  section 1129(a)(6) is not required.

8      **3.    Retention of Jurisdiction.**

9      The Court will retain jurisdiction to the extent provided by

10  law.

11

12                                   **IV.**

13                       **EFFECT OF CONFIRMATION OF PLAN**

14  **A.    Discharge**

15      This Plan provides that upon substantial consummation of the

16  Plan, Q Ranch shall be discharged of liability for payment of debts

17  incurred before confirmation of the Plan, to the extent specified in

18  11 U.S.C. §1141.  However, the discharge will not discharge any

19  liability imposed by the Plan.

20  **B.    Revesting of Property in the Debtor**

21      Except as provided in Section V(E), below, and except as

22  provided elsewhere in the Plan, the confirmation of the Plan revests

23  all of the property of the estate in Q Ranch.

24  **C.    Modification of Plan**

25      The Proponent of the Plan may modify the Plan at any time

26  before confirmation.  However, the Court may require a new

27  disclosure statement and/or revoting on the Plan.

28      The Proponent of the Plan may also seek to modify the Plan

*DEBTOR'S CHAPTER 11 PLAN*

at any time after confirmation only if (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed modifications after notice and a hearing.

**D.    Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served in accordance with the requirements of the Local Bankruptcy Rules and/or Court order.    Further status reports shall be filed every 120 days and served on the same entities.

**E.    Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan.    Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.    Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.    If the Court orders, the case converted to chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate.    The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was

1  not previously authorized by the Court during this case.

2      The order confirming the Plan may also be revoked under very

3  limited circumstances.  The Court may revoke the order if the

4  order of confirmation was procured by fraud and if the party in

5  interest brings an adversary proceeding to revoke confirmation

6  within 180 days after the entry of the order of confirmation.

7  **G.    Final Decree**

8      Once the estate has been fully administered as referred to

9  in Bankruptcy Rule 3022, the Plan Proponent, or other party as

10 the Court shall designate in the Plan Confirmation Order, shall

11 file a motion with the Court to obtain a final decree to close the

12 case.

13

14 Date:     July 21, 2014

15

16      __Q Ranch Provisions L.A., Inc._____
        Name and Identity of Plan Proponent

17

18      _____
        Signature of the Representative of the Plan Proponent

19

20      __Nereo Perez, President of Q Ranch Provisions L.A., Inc.__
        Name of the Representative of the Plan Proponent

21

22      _____
        Signature of Attorney for Plan Proponent

23

24      __Raymond H. Aver, Esquire_____
        Name of Attorney for Plan Proponent

25

26      __Law Offices Of Raymond H. Aver, APC_____
        Name of Law Firm for Plan Proponent

27

28

*DEBTOR'S CHAPTER 11 PLAN*

Law Offices
Of Raymond
H. Aver, APC

EXHIBIT A

B6G (Official Form 6G) (12/07)

**IN RE Q Ranch Provisions L.A., inc.**        Case No. <u>2:14-bk-19271-BR</u>
Debtor(s)                                                   (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Jay Shih and Teresa Lee Shih<br>15038 Clark Avenue<br>Hacienda Heights, CA 91745-1408 | 1 year lease of commercial real property located at 2502 and 2504 Lee Avenue, South El Monte, California 91733 commencing December 1, 2013. |
| Nede Management, Inc.<br>P.O. Box 570541<br>Tarzana, CA 91357-0000 | 1 year lease of industrial/food processing building located at 2508 Lee Avenue, South El Monte, California 91733 commencing March 1, 2014 and ending February 28, 2015. |
| Penske Truck Leasing, Co., L.P.<br>P.O. Box 563<br>Reading, PA 19603-0563 | Vehicle lease beginning June 10, 2013 of one 2012 Hino 268 4X2 truck, two 2012 Hino 338 4X2 truck, and one 2011 Isuzu NQR 4X2 truck. |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1950 Sawtelle Boulevard, Suite 120, Los Angeles, California 90025.

The foregoing document described **DEBTOR'S CHAPTER 11 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 21, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

•Raymond H Aver          ray@averlaw.com
•Bradley D Blakeley     bblakeley@blakeleyllp.com,
                        seb@blakeleyllp.com;rclifford@blakeleyllp.com;info@ecf.inforuptcy.com;ecf@blakeleyllp.com
•M Douglas Flahaut      flahaut.douglas@arentfox.com
•Mette H Kurth          kurth.mette@arentfox.com, nancy.peters@arentfox.com
•Ron Maroko             ron.maroko@usdoj.gov
•United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
_____      Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

_____      Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 21, 2014**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Barry Russell

Bin outside of Suite 1660

_____      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| July 21, 2014 | Kateryna Bilenka | |
| Date | Name | Signature |